UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIFFANY WARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| UPI BUILDERS, LLC, | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Tiffany Ward ("Plaintiff" or "Ward"), through the undersigned counsel, and files her Complaint and Demand for Jury Trial against Defendant, UPI Builders, LLC ("Defendant" or "UPI") and in support, she states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful retaliation against Plaintiff because of her engagement in protected activity leading to her unlawful termination.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Section 1981.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Ward, is a citizen of the United States, and is and was at all times material, a resident of the state of Texas, residing in Harris County.

5. At all times material, Plaintiff was an employee of Defendant.

6. Defendant UPI Builders, L.L.C. is a domestic limited liability company with its principal place of business in Houston, Texas.

7. Defendant does business in this judicial district, and Plaintiff worked for Defendant at its 5008 Fuqua Street, Houston, Texas 77048 location.

8. Defendant is an employer as defined by the laws under which this action is brought.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant in February 2019.

10. Plaintiff was employed for approximately one year as a full-time receptionist until her unlawful termination.

11. During her tenure with Defendant, Plaintiff's African American colleague filed a complaint against Defendant for racial discrimination.

12. In support of her colleague, Plaintiff provided a detailed witness statement.

13. Plaintiff's witness statement described the racial discrimination and harassment Plaintiff witnessed against her colleague including use of racial slurs, derogatory language and other forms of harassment.

14. Defendant came into possession of Plaintiff's witness statement.

15. A short time later, Defendant held a staff meeting wherein Defendant distributed copies of Plaintiff's witness statements to all employees in attendance. This was done for no reason other than to retaliate against Plaintiff for opposing discriminatory practices.

16. Moreover, Defendant threatened Plaintiff that due to her opposition to discriminatory practices, if she chose to remain employed with Defendant, Defendant would make the work environment very hostile.

17. Defendant made additional attempts to threaten Plaintiff in an effort to dissuade her from supporting the complaint of racial discrimination including but not limited to, bribing Plaintiff to retract her witness statement.

18. Plaintiff did not withdraw her statement.

19. Within an hour of the meeting, Defendant terminated Plaintiff.

20. Plaintiff's termination was in retaliation for her protected activity including her witness statement and opposition to discriminatory practices.

21. Plaintiff has been damaged by Defendant's unlawful conduct.

22. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Retaliation in Violation of Section 1981

23. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22 above.

24. Plaintiff engaged in protected activity under Section 1981 while employed by Defendant.

25. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

26. Defendant's conduct violated Section 1981.

27. In violation of Section 1981, Defendant's discriminatory conduct has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

28. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

29. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other, and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric David Rogers**
Eric David Rogers
Texas Bar Number: 24110628
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606

T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*